IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OREN JAMES JONES | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-11-CV-0702-M-BD |
| RICK THALER, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Oren James Jones, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed without prejudice for failure to exhaust state remedies.

I.

On March 16, 2010, petitioner pled guilty to sexual assault and was sentenced to 10 years confinement. No appeal was taken. Instead, petitioner filed an application for post-conviction relief in state district court on February 7, 2011. That application has not yet been considered by the Texas Court of Criminal Appeals. Petitioner filed this action in federal district court on April 5, 2011.

As best the court can decipher his claims, petitioner appears to contend that: (1) his guilty plea was involuntary; (2) there was insufficient evidence to support his conviction; (3) he received ineffective assistance of counsel; (4) his conviction was the result of an unlawful arrest and an impermissibly suggestive pretrial identification procedure; and (5) the prosecutor failed to disclose

exculpatory evidence. Because it plainly appears from the face of the pleadings that petitioner has not exhausted his state remedies, this action should be dismissed.

II.

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b)(1). This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 103 S.Ct. 1508 (1983). To exhaust state remedies, a Texas prisoner must present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or application for writ of habeas corpus under Tex. Code Crim. Proc. Ann. art. 11.07. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990), *cert. denied*, 111 S.Ct. 2862 (1991); *Bautista*, 793 F.2d at 110.

It is clear from the face of the pleadings that petitioner has never presented any of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for state post-conviction relief. (*See* Hab. Pet. at 3, ¶ 11 & attch.). When asked about the status of his state writ, petitioner responded, "still in court, no decision." (*Id.* at 3, ¶ 11). Accordingly, this case should be dismissed without prejudice.

**RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be dismissed without prejudice for failure to exhaust state remedies.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file

specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 12, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE